# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **WILLIAM B. DENTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22CV00039 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARTIN J. O'MALLEY,** | ) | JUDGE JAMES P. JONES |
| **COMMISIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Amy Hansen Geddes, OPN LAW, PLC, Roanoke, Virginia, for Plaintiff; Stuart Weiss, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.*

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff challenges the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance under the Social Security Act (Act). The case was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her 42-page Report on February 1, 2024, in which she recommended that the court affirm the Commissioner's decision denying benefits. Report 41, ECF No. 18. On February 15, 2024, the plaintiff filed a timely

Objection to the Report. The Commissioner has filed a Response to the Objection and accordingly the Objection is ripe for decision.

I.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, the court must uphold the factual findings and final decision of the administrative law judge (ALJ), upon which the Commissioner's decision was based, if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

If such evidence exists, my inquiry is terminated, and the Commissioner's final decision must be affirmed. *Id*. But I must not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id*. (internal quotation marks and citations omitted).

ALJs must consider the persuasiveness of the medical opinions and findings in a claimant's case. 20 C.F.R. § 404.1520c(b), (c)(1)–(5). The most important factors in evaluating the persuasiveness of these medical opinions and prior administrative medical findings are supportability and consistency, and the ALJ must explain how he considered these two factors in his decision. 20 C.F.R. § 404.1520c(b)(2). "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules, 82 Fed. Reg. 5853 (Jan. 18, 2017); 20 C.F.R. § 404.1520c(c)(1). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. 5853; 20 C.F.R. § 404.1520c(c)(2).

However, even if a plaintiff is disabled, the Act precludes a formal finding of disability where "alcoholism or drug addiction is a material factor to the disability finding." *Delk v. Colvin*, 675 F. App'x 281, 283 (4th Cir. 2017) (unpublished); 42 U.S.C. § 423(d)(2)(C). The regulations implementing this provision "specify that alcoholism or drug addiction is a contributing factor material to a disability determination if an individual would not be disabled if he stopped using alcohol or drugs." *Mitchell v. Comm'r of the Soc. Sec. Admin.*, 182 F.3d 272, 274 n.2 (4th Cir. 1999). Accordingly, when an ALJ finds a claimant disabled and also finds evidence

of substance abuse, he must determine whether the disability would exist in the absence of substance abuse. *Delk*, 675 F. App'x at 283; 20 C.F.R. § 416.935(b)(1).

II.

The Objection to the Report contains three assertions. First, the plaintiff contends that the ALJ erred in finding that the plaintiff had engaged in substantial gainful work activity since October of 2021. Obj. 1, ECF No. 19. Second, the plaintiff argues that the ALJ erred in its assessment of the plaintiff's physical impairments and residual functional capacity.[1] *Id*. at 2–4. Third, the plaintiff argues that the ALJ erred in its assessment of the plaintiff's mental impairments and residual functional capacity. *Id*. at 4–7. As to each claim, I agree with the well-reasoned opinion of the magistrate judge.

A.

The ALJ properly concluded after the hearing in November of 2021 that the plaintiff had engaged in substantial gainful work activity for one month. The plaintiff contends that the ALJ's finding was in error because the plaintiff had not been at the job for six months or longer, citing 20 C.F.R. § 416.974(c)(3).

Work is substantial and gainful if it "involves doing significant physical or mental activities" and is "work activity that [a person does] for pay or profit." 20

---

[1] Residual functional capacity refers to the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c).

C.F.R. § 416.972(a), (b); 20 C.F.R. § 416.974(b).  If a claimant's earnings exceed guidelines set forth in the regulations, a presumption arises that the claimant engaged in substantial gainful activity.  *Payne v. Sullivan*, 946 F.2d 1081, 1083 (4th Cir. 1991).  The applicable regulation, 20 C.F.R. § 416.974(c)(3) states that for claimants who have worked for fewer than six months, that work is "an unsuccessful work attempt if [the claimant] stopped working or [] reduced [their] work and earnings below the substantial gainful activity earnings level *because of [their] impairment or because of the removal of special conditions that took into account [their] impairment and permitted [the claimant] to work*."  (Emphasis added).

    The ALJ relied upon substantial evidence to conclude that the plaintiff did not carry his burden to demonstrate that the brief nature of his work was due to his impairment or removal of special accommodations.  At the plaintiff's hearing in 2021, he testified that he had been working at ServPro for approximately one month, where he repaired fire and water damage.  Admin. R. ALJ Dec. 28, 31, ECF No. 8-3.  He did not indicate any issues with working at ServPro and "testified he [had] been able to perform his ServPro work."  *Id*. at 32.  The ALJ additionally noted that the plaintiff "did not indicate [that his hallucinations] were preventing him from working" and that "[h]e did not report social anxiety issues about his work at ServPro."  *Id*. at 26, 32.

The plaintiff did not demonstrate that his impairments forced him to stop working or reduce his workload. Nor has the plaintiff alleged the removal of any special conditions of employment or accommodations that required him to stop working or reduce his workload. As stated above, work may constitute an unsuccessful work attempt where it is shorter than six months in duration and that duration is the result of an impairment or lack of a special condition to accommodate that impairment. There is no evidence to conclude that the duration was due to an impairment and the plaintiff "testified he [did] not receive accommodations" while working at ServPro. *Id*. at 33. Thus, I conclude that the plaintiff did not carry his burden to demonstrate a lack of substantial gainful activity and agree that the ALJ's finding was based on substantial evidence.

B.

The ALJ properly assessed the plaintiff's physical and mental conditions and residual functional capacity. Denton's physical issues include a history of back and knee issues, problems with the use of stairways, a limp, a limited ability to walk, the need for substantial recovery after working, hepatitis C, pain, and fatigue. *Id*. at 27–28. His mental impairments include substance abuse disorder (in remission at the time of the ALJ's opinion), major depressive disorder, generalized anxiety disorder, and attention-deficit/hyperactivity disorder. The Objection asserts that the ALJ did

not explain how he arrived at his residual functional capacity findings regarding Denton's pain and fatigue.

There is a two-step framework for evaluating symptoms such as pain or fatigue. First, the ALJ must determine whether objective medical evidence presents "medically determinable impairments" that could reasonably be expected to produce the claimant's alleged symptoms. *Arakas*, 983 F.3d at 95. Second, after finding a medically determinable impairment, the ALJ must assess the intensity and persistence of the alleged symptoms to determine how they affect the claimant's ability to work and whether he is disabled. *Id.* The ALJ explicitly referenced this two-step test in his analysis. ALJ Dec. 23, ECF No. 8-3.

In assessing a claimant's residual functional capacity, the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis" before the residual functional capacity may be stated "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (internal quotation marks and citations omitted).

In evaluating the plaintiff's alleged symptoms, the ALJ found that while the impairments "could reasonably be expected to produce the alleged symptoms[,] . . . the claimant's statements concerning the intensity, persistence, and limiting effects of [the] symptoms are not entirely consistent with the medical evidence and other

evidence in the record for the reasons explained in this decision." ALJ Dec. 31, ECF No. 8-3.

Indeed, the ALJ found that working at a sedentary exertional level would accommodate some of the fatigue the plaintiff was experiencing and that, notwithstanding the plaintiff's symptoms and medical evidence, he had been able to work in a job involving exertion above the sedentary level. *Id*. at 33. This finding addresses both the symptoms of pain and fatigue because the plaintiff's ability to work is inconsistent with pain that is sufficiently severe and disabling. Thus, it is clear that the ALJ's analysis of the plaintiff's symptoms was based on substantial evidence. In turn, the ALJ appropriately analyzed the plaintiff's residual functional capacity by limiting him to sedentary work — a limitation that is ascertainable from the ALJ's narrative discussion.

I next consider whether the ALJ properly considered the plaintiff's alleged mental symptoms. Although the plaintiff claims that the ALJ failed to explain how his residual functional capacity findings address the plaintiff's moderate mental limitations, the ALJ did address this contention in the same way he addressed the physical limitations. In his analysis, the ALJ noted that "[t]he evidence does not indicate delusions or concentration abnormalities, or the need for psychiatric hospitalizations, *when the claimant is not using illegal substances*." *Id*. at 32 (emphasis added). Additionally, the ALJ found persuasive opinions stating that "the

records do not generally show psychological abnormalities when meeting with his regular mental health provider . . . [indicating] the limitations given by the State Agency would permit him to work full-time when he is not abusing substances." *Id*. at 33.  Nevertheless, the ALJ did find that the claimant has a moderate limitation in interacting with others, in understanding, remembering, or applying information and in adapting or managing oneself.  *Id*. at 22.  He also found a marked limitation in concentrating, persisting, or maintaining pace when factoring in the substance abuse disorder.  *Id*.

But the ALJ's symptom analysis does not warrant remand for at least two reasons.  First, under the Act, addiction is not a disability for which benefits may be received.  *Delk*, 675 F. App'x at 283; 42 U.S.C. § 423(d)(2)(C).  Second, when the plaintiff's addiction is in treatment, his mental health status is "unremarkable."  ALJ Dec. 30, ECF No. 8-3.  Thus, the ALJ based his opinion on substantial evidence.  As with the plaintiff's physical symptoms, the ALJ's mental functional residual capacity findings are ascertainable from his narrative discussion.

### III.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's objections, ECF No. 19, are DENIED;

2. The magistrate judge's Report, ECF No. 18, is fully ACCEPTED;

3. The plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 16, is GRANTED; and

5. A separate final judgment will be entered herewith.

                              ENTER:  March 25, 2024

                              /s/  JAMES P. JONES
                              Senior United States District Judge